United States District Court
Northern District of California

QUIANA LA NAY CHASE,

    Plaintiff,

v.

CAROLYN W. COLVIN,

    Defendant.

Case No.: 4:13-cv-01816-KAW

ORDER DENYING MOTION TO STRIKE; GRANTING COMMISSIONER LEAVE TO FILE A SUR-REPLY

    Plaintiff Quiana La Nay Chase, who is represented by counsel in this Social Security case, filed a reply brief on May 7, 2014, after the April 18, 2014 reply deadline to which the parties had stipulated. (Pl.'s Reply, Dkt. No. 34; Order on Stipulation, Dkt. No. 33.) The Commissioner filed an objection to the reply, arguing that it is untimely and presents new issues not raised in Plaintiff's original motion for summary judgment. (Def.'s Objection, Dkt. No. 36.) The Court deemed the filing as a motion to strike Plaintiff's reply or, in the alternative, for leave to file a sur-reply and ordered Plaintiff to file an opposition to the motion, or a statement of non-opposition to the motion by no later than June 6, 2014.

    Plaintiff filed an opposition to the motion. (Pl.'s Opp'n, Dkt. No. 38.) The pleading, however, does not explain why Plaintiff's reply brief should not be stricken as untimely. Instead, Plaintiff asserts that Defendant should be permitted to a file a sur-reply, that the new and material evidence submitted was unknown at the time her summary judgment motion was filed, and that the Court should modify the scheduling order entered in this case to permit full briefing on the new issues raised in the reply brief. (*Id.* at 1, 2.)

Because Plaintiff has not offered any legal authority supporting his position that the Court should allow the parties to fully re-brief the issues presented for the first time in her reply brief, that request is denied. However, despite the fact that Plaintiff has failed to address one of the issues the Commissioner raised in her objection, i.e., that the reply is untimely, the Court will, in the interest of fairness, permit the Commissioner to file a sur-reply instead of striking Plaintiff's reply. The Commissioner's sur-reply shall be filed within 30 days of this order. In the interim, the Commissioner may consider whether a stipulated remand is appropriate in this case. If so, the parties may file such a stipulation prior to the deadline for the Commissioner's sur-reply.

IT IS SO ORDERED.

Dated: July 9, 2014

KANDIS A. WESTMORE
United States Magistrate Judge

2